IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JESETTE RHODES, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-3019 |
| | § | |
| JANET NAPOLITANO, *et al.*, | § | |
|     Defendants. | § | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion for Attorney's Fees ("Motion") [Doc. # 14] filed by Plaintiff Jesette Rhodes, to which Defendants filed an Opposition [Doc. # 15].  Plaintiff neither filed a Reply nor requested additional time to do so. Having reviewed the record and applied governing legal authorities, the Court **denies** the Motion.

On August 23, 2010, Plaintiff filed her Original Complaint [Doc. # 1], asking this Court to require the United States Citizenship and Immigration Services ("CIS") to accept and adjudicate her I-751 waiver petition[1] and to grant her I-90 application for a permanent resident card.  On December 28, 2010, Plaintiff filed a Notice of Dismissal of Complaint [Doc. # 12], advising the Court that Plaintiff had received the

---

[1] In the I-751 waiver petition, Plaintiff sought to remove the conditional basis of her permanent resident status.

relief she was seeking to obtain through this lawsuit. Plaintiff advised the Court that dismissal under Rule 41(a)(2) was appropriate.

In accordance with Plaintiff's Rule 41(a) Notice of Dismissal, the Court dismissed this case. *See* Dismissal Order [Doc. # 13]. Plaintiff filed the pending Motion for Attorney's Fees, seeking an award of $21,799.50 in fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

The EAJA provides for attorneys' fees in certain successful actions brought against the United States if (1) the claimant is a "prevailing party," (2) the position of the United States was not "substantially justified," and (3) no special circumstances make an award unjust. *Sims v. Apfel*, 238 F.3d 597, 599-600 (5th Cir. 2001) (citing *Commissioner v. Jean*, 496 U.S. 154, 158 (1990)). To qualify as a prevailing party for purposes of the EAJA, a plaintiff "must (1) obtain actual relief, such as an enforceable judgment or a consent decree; (2) that materially alters the relationship between the parties; and (3) modifies the defendant's behavior in a way that directly benefits the plaintiff at the time of the judgment or settlement." *Walker v. City of Mesquite, Tex.,* 313 F.3d 246, 249 (5th Cir. 2002) (citing *Farrar v. Hobby,* 506 U.S. 103, 111-12, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992)). If the case is dismissed in accordance with a notice of voluntary dismissal under Rule 41(a), Plaintiff would not be a prevailing party for purposes of recovering attorneys' fees under the EAJA. *See*

*Melkonyan v. Sullivan*, 501 U.S. 89, 103 (1991); *Ruiz v. Comm'r of Social Sec.*, 189 F. App'x 112, 113 (3d Cir. June 27, 2006) (no EAJA award is appropriate where the court enters a voluntary dismissal pursuant to Rule 41(a)); *see also Othman v. Chertoff*, 309 F. App'x 792, 794 (5th Cir. Dec. 23, 2008) (holding that the plaintiff was not a prevailing party where the court "entered neither an enforceable judgment nor a consent decree").[2]

In this case, the CIS granted Plaintiff's I-751 waiver petition and I-90 application for a permanent resident card – the relief requested in this lawsuit – before Defendants filed an Answer and before the Court held the initial pretrial and scheduling conference. Plaintiff voluntarily dismissed her lawsuit pursuant to Rule 41(a). The Court did not enter a judgment against Defendants, and did not enter a consent decree memorializing a settlement between the parties. Consequently, Plaintiff is not a "prevailing party" and is not entitled to an award of fees under the EAJA. It is hereby

**ORDERED** that Plaintiff's Motion for Attorney's Fees [Doc. # 14] is **DENIED**.

---

[2] The attorney who represented the plaintiff in *Othman* is the same attorney who represents plaintiff in this case.

SIGNED at Houston, Texas, this **28**[th] day of **February, 2011**.

_____
Nancy F. Atlas
United States District Judge